-1-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| EDGAR SEARCY<br>    BOP# 04726-031 | CIVIL ACTION NO. 11-218 |
| | SECTION P |
| VERSUS | |
| | JUDGE MINALDI |
| UNKNOWN EMPLOYEES, ET AL | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a *pro se* civil rights complaint filed by plaintiff Edgar Searcy on February 8, 2011.  Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the Federal Correctional Institute in Okadale, Louisiana. (FCI-O).

Plaintiff filed a motion to proceed *in forma pauperis* [doc. 6] pursuant to the provisions of 28 U.S.C. §1915 and on March 28, 2011, his application was granted on March 28, 2011.  Doc. 7.  However, further review of court records revealed that plaintiff had at least three complaints that were dismissed as frivolous and/or for failure to state a claim.  Thus, on October 4, 2011, this court issued a memorandum order [doc. 8] which revoked and rescinded the order [doc. 7] granting plaintiff's application to proceed *in forma pauperis*.  Therein, the court further denied plaintiff's application to proceed *in forma pauperis*.  Plaintiff was instructed that in order for his complaint to remain viable, he had to pay the full filing fee of $350.00 within twenty (20) days from the date of that order.  Plaintiff was instructed that failure to pay the full filing fee would result in the pleadings being stricken from the record.

On October 12, 2011, plaintiff appealed [doc. 10] the court's order rescinding plaintiff's application to proceed *in forma pauperis*. On December 27, 2011, the appeal was denied. Doc. 13.

Plaintiff has failed to comply with the court's October 4, 2011 memorandum order [doc. 8] which denied plaintiff's application to proceed *in forma pauperis* and instructed him to pay the full filing fee of $350.00 within twenty (20) days from the date of that order.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* at 630. Plaintiff was directed to comply with an order from this court and he has failed to do so.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

-3-

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 12th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE